# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **ONETHA WESLEY, ET AL.** | **CASE NO. 3:18-CV-1059** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNIQUE GUIDANCE PROVIDER SERVICES, INC., and REGINA WRIGHT** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

This is a suit filed by Plaintiff Onetha Wesley ("Wesley") on behalf of herself and on behalf of others similarly situated, under the Fair Labor Standards Act ("FLSA"), Title 29 United States Code § 216(b), to collect allegedly unpaid wages as well as other damages from Defendants Unique Guidance Provider Services, Inc. ("Unique") and Regina Wright ("Wright"). Unique has filed for the protection of the Bankruptcy Court for the Western District of Louisiana [Doc. No. 3]. Title 11 United States Code § 362(a)(1) provides for an automatic stay of any judicial proceeding against the debtor. All claims against Unique are, therefore, subject to an automatic stay.

Defendants in their answers [Doc. Nos. 5, 6] assert that the claims against Wright, the sole shareholder and principle executive of Unique, are so intertwined with the claims against Unique that such claims should also be litigated in the Bankruptcy Court. Defendants, therefore, move the Court to stay all proceedings against Wright, as well.

Wesley has filed a response to the motion to stay requesting that the claims against Unique be severed and stayed, but that the claims against Wright be allowed to proceed [Doc. No. 9]. Wesley contends that, under the FLSA, corporate officers with the type of operational control exercised by Wright are jointly and severally liable for FLSA violations because the

FLSA treats such officers as "employers" that can be sued in their individual capacities, and, therefore, since Wesley's claims against Wright are independent of and do not depend in any way on her claims against Unique, there is no reason to stay her claim against Wright while Unique's bankruptcy proceeds. Wesley also argues that staying this case in its entirety would work great prejudice to potential class members, who have no way to know about this case or how to protect their clams from erosion by the statute of limitations.

Defendants have filed a reply [Doc. No. 10], in which they argue that they have a good faith defense to penalties, and allowing the cases to proceed on parallel lines could result in conflicting decisions on the penalties and even on any amounts owed. They agree that there is a closeness of identity between Wright and Unique; however, they argue that the jurisprudence favors applying the stay to non-debtors in that situation. They contend that Wright should be required to present her defense (and the defense of the company) only once, and, further, the judiciary should be required to try it only once.

In support of her argument, Wesley cites *Uranga v. Holiday Mkt., Inc*., 2014 U.S. Dist. LEXIS 12497 (N.D. Tex. Jan. 31, 2014), where a corporate entity and an individual were named as defendants and were alleged to be jointly and severally liable for the FLSA claims asserted by the plaintiff. After the individual defendant filed a suggestion of bankruptcy, a District Court in this Circuit held that the Section 362 stay provisions did not extend to the non-debtor co-defendant corporate entity. However, this case is different from *Uranga*, in that here it is the corporate entity, the party that is primarily responsible for the FLSA claims, that has filed bankruptcy.

The automatic stay generally forestalls any action against debtors in bankruptcy, but not against co-debtors, co-tortfeasors, or other non-debtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 34 F.3d 816, 825 (5th Cir. 2003).

"The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding. As we have noted, other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990).

"Most circuits hold that the district court has jurisdiction to determine the applicability of the automatic stay under § 362(a) to proceedings before it." *Arnold v. Garlock, Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) ((citing 2B Bankr.Service L.Ed. § 19:65(2002), reporting that the Second, Third, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits so rule)).

Courts enjoy the discretionary authority to stay proceedings "in the interest of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp.* 706 F.2d 541, 545 (5th Cir. 1983). The court's discretion is not limitless, however. *Id*. In deciding whether to grant a stay, the courts "must weigh competing interests and maintain an even balance." *Id*. (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). Accordingly, the court's decision to grant a stay should contemplate the following factors, "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted, and 3) judicial economy." *Falgoust v. Microsoft Corp.*, No. CIV.A. 00-0779, 2000 WL 462919 (E.D. La. April 19, 2000).

Applying these considerations, the Court recognizes that Wesley has a keen interest in the timely resolution of her FLSA claim. Nonetheless, Wesley's FLSA claim against Wright

3

substantially overlaps, and is practically identical to, her claim against Unique. Given the relatedness of the claims, the Court finds that it is in the strong interest of judicial economy to stay the claim against Wright pending Unique's bankruptcy proceeding. This will avoid the possibility of conflicting decisions, and, negate the burden on both parties of having to litigate the same issues twice. Further, the judiciary will not have to try the same case twice.

For these reasons, the motion to stay [Doc. Nos. 5, 6] is GRANTED. This matter is STAYED pending resolution of Unique's bankruptcy.

Monroe, Louisiana, this 16th day of November, 2018.

                                              **TERRY A. DOUGHTY**
                                              **UNITED STATES DISTRICT JUDGE**